UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr- 87 - PGB- RMN
18 U.S.C. § 1343

ROBERT WILLIAM BURNS

### INDICTMENT

The Grand Jury charges:

### COUNT ONE THROUGH THREE
### (Wire Fraud)

A.   **Introduction**

At all times material to this Indictment:

1.      Robert William Burns ("Burns") was a resident of the Middle District of Florida ("MDFL"), who was the sole proprietor of RB3 Ventures, LLC ("RB3") and Robert Burns dba The Social Wizards, LLC ("The Social Wizards").

2.      Burns owned and operated RB3, a Florida company with the stated principal place of business in Brevard, Florida. RB3 purported to provide marketing consulting services.

3.      Burns owned and operated The Social Wizards, a Florida company with the stated principal place of business in Brevard, Florida. The Social Wizards purported to provide advertising services.

4.     The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

## The Paycheck Protection Program

5.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

6.     To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly

2

payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

7.      PPP loan applications were processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information from the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8.      PPP loan proceeds were required to be used for certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan towards payroll expenses.

9.      Provider 1 was a non-bank small business lender service provider. Provider 1 participated in the SBA's PPP as a loan processor and approved PPP loans on behalf of Lender 1.

10.     Lender 1 was a financial institution based in Bedford, Texas that participated in the SBA's PPP as a lender and was authorized to lend funds to eligible borrowers under the terms of the PPP.

3

11.     Lender 2 was a non-bank small business lender based in Lake Mary, Florida, that was authorized to lend funds to eligible borrowers under the terms of the PPP.

### B.     The Scheme and Artifice

12.     Beginning on an unknown date, but no later than on or about April 1, 2021, and continuing through on or about June 1, 2021, in the Middle District of Florida, and elsewhere, the defendant,

ROBERT WILLIAM BURNS,

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### C.     Manner and Means of the Scheme and Artifice

13.     The manner and means by which the defendant sought to accomplish the scheme and artifice to defraud included, among others, the following:

a.  It was part of the scheme and artifice to defraud that the defendant did engage in a scheme to obtain money from PPP lenders by submitting false and fraudulent PPP loan application to Provider 1 and Lender 2.

b.  It was further part of the scheme and artifice to defraud that the defendant would and did falsely certify that the funds would be used to retain workers, maintain payroll, and for other business-related expenses as specified under the PPP program rules.

c.  It was further part of the scheme and artifice to defraud that the defendant would and did make and cause to be made materially false, fraudulent, and misleading representations to Provider 1 and Lender 2, in PPP loan applications, including false and fraudulent representations regarding the applicant's gross income in order to increase loan funding.

d.  It was further part of the scheme and artifice to defraud that the defendant would and did submit and cause the submission of materially false and fictious documents to Provider 1 and Lender 2 in support of his fraudulent PPP loan applications, including false and fictitious federal income tax documents.

e.  It was further part of the scheme and artifice to defraud that the defendant's materially false, fraudulent, and misleading representation would and did cause Provider 1 and Lender 2 to approve at least three PPP loan applications, resulting in Lender 1 and Lender 2 depositing approximately $57,186 in PPP funds into a Chase Bank account controlled by the defendant.

f.  It was further part of the scheme and artifice to defraud that the defendant would and did use and cause to be used the PPP funds for unauthorized purposes and for his own personal enrichment, including various cryptocurrency purchases and gambling related transactions.

g.  It was further part of the scheme and artifice to defraud that the defendant would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts performed in furtherance of the scheme to defraud.

### D.    Execution of the Scheme and Artifice

14.    On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

ROBERT WILLIAM BURNS,

for the purpose of executing the scheme and artifice described above, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE OF WIRE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| ONE | March 30, 2021 | Electronic transmission of fraudulent PPP loan application in the name of Robert Burns from the MDFL to Provider 1's servers located outside the State of Florida |
| TWO | April 4, 2021 | Electronic transmission of fraudulent PPP loan application in the name of Robert Burns from the MDFL to Lender 2's servers located outside the State of Florida |
| THREE | April 13, 2021 | Electronic transmission of fraudulent PPP loan application in the name of Robert Burns from the MDFL to Lender 2's servers located outside the State of Florida |

### FORFEITURE

1.    The allegations contained in Count One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $57,186, which represents the proceeds the defendant obtained as a result of the offenses.

4.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By:

Shannon Laurie
Assistant United States Attorney

By:

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

8

FORM OBD-34
APR 1991                                    No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

### THE UNITED STATES OF AMERICA

vs.

### ROBERT WILLIAM BURNS

## INDICTMENT

Violation:    18 U.S.C. § 1343

A true bill.



————— Foreperson

Filed in open court this 10ᵗʰ day

of April, 2024.

_____
Clerk

Bail   $_____